IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAP BARBELL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-2371 |
| | § | |
| HULKFIT PRODUCTS, INC., | § | |
| BALANCEFROM LLC, AVINASH | § | |
| NAGAVILLI, QIDUO E-COMMERCE | § | |
| (ZHEJIANG) CO., LTD., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

CAP Barbell makes fitness products, including weight plates and trap bars for weightlifting. CAP alleges that the defendants have misappropriated its protected trade dress, causing consumer confusion that harms CAP. The defendants have moved to dismiss CAP's third amended complaint for lack of personal jurisdiction and for failure to state a claim. (Docket Entry No. 58). Based on the parties' extensive submissions and the applicable law, the court denies the motion to dismiss except with respect to the claims against Avinash Nagavilli. The reasons are explained below.

**I.    The Legal Standards**

   **A.    The Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction**

CAP must make a prima facie showing of personal jurisdiction. *Pervasive Software, Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 219 (5th Cir. 2012). A federal court may exercise personal jurisdiction over a nonresident defendant when the long-arm statute of the forum state and the due process clause of the United States Constitution permit it. *Delgado v. Reef Resort Ltd.*, 364 F.3d 642, 644 (5th Cir. 2004). The Texas long-arm statute confers jurisdiction to the limits of due process. *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018); *see also*

*Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990) ("This court has decided that the broad language of the long-arm's statute's doing business requirement allows the statute to reach as far as the federal constitution permits.").

When the cause of action does not arise from or relate to the nonresident defendant's purposeful conduct within the forum state, the court must have general personal jurisdiction. "[A] court may assert jurisdiction over a foreign corporation to hear any and all claims against [it] only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). Due process requires that the foreign defendant have engaged in continuous and systematic contacts with the forum state for a court to exercise general jurisdiction. *Helicopteros Nacionales*, 466 U.S. at 414–16; *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987). "Establishing general jurisdiction is 'difficult' and requires 'extensive contacts between a defendant and a forum.'" *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101–102 (5th Cir. 2018) (quoting *Johnston*, 523 F.3d at 609). "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous[,] and systematic contacts required for a finding of general jurisdiction." *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002).

The specific personal jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (internal quotation marks and citation omitted); *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019). The Fifth Circuit applies a "three-step test to determine

whether specific jurisdiction exists." *Admar Int'l, Inc. v. Eastrock, LLC*, 18 F.4th 783, 786 (5th Cir. 2021)

> First, [CAP] must show that [the defendants] ha[ve] minimum contacts with [Texas]—that [the defendants] purposefully directed [their] activities at [Texas] and availed [themselves] of the privilege of doing business there. Second, [CAP] must show that its cause of action arises out of [the defendants'] [Texas] contacts. And third, if [CAP] satisfy the first two steps, then [the defendants] must show that exercising jurisdiction would prove unfair or unreasonable.

*Id.* (internal citations omitted).

Under the "effects test," in certain circumstances, "an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct." *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 628 (5th Cir. 1999) (citing *Calder v. Jones*, 465 U.S. 783, 789–90 (1984)). The Fifth Circuit has clarified that the effects test "is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state." *Allred v. Moore & Peterson*, 117 F.3d 278, 286 (5th Cir. 1997). "Foreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999) (citations omitted).

**B.    The Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require

3

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

**II.    Analysis**

   **A.    Personal Jurisdiction**

The parties agree that general personal jurisdiction is not present. Specific personal jurisdiction must be analyzed on a claim-by-claim basis. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (citation omitted) ("A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim.").

CAP alleges specific personal jurisdiction over the defendants for the Lanham Act claims based on purchases of the accused products by Texas customers in brick-and-mortar retail stores located in Texas or through websites accessible to Texas residents. The defendants do not contest that the accused products have been sold in Texas. There is substantial authority that the sale of

accused products in the forum state, even if those sales were made by third-party retailers or in online marketplaces, may suffice for personal jurisdiction over Lanham Act claims. *See, e.g.*, *Herbal Brands, Inc. v. Photoplaza, Inc.*, ___F.4th____, No. 21-17001, 2023 WL 4341454, at *8 (9th Cir. July 5, 2023) ("[W]e hold that Defendants expressly aimed their conduct at Arizona because they allegedly sold products to Arizona residents via an interactive website in their regular course of business and caused those products to be delivered to the forum."); *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 167 (2d Cir. 2010) (sales of infringing counterfeit handbags in New York were sufficient to exercise personal jurisdiction over out-of-state defendants); *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 294 (3d Cir.1994); 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:38.40 (5th ed.) ("Today, almost all courts follow the rule that a claim of trademark infringement takes place where the allegedly infringing sales occur."); *cf. Admar Int'l, Inc. v. Eastrock, LLC*, 18 F.4th 783, 787 (5th Cir. 2021) (finding no personal jurisdiction when "there is no evidence that [the defendant] targets [the forum state]: [the plaintiff] has not sold a single accused product to a [forum-state] resident, and it solicits no business there through targeted advertising.").

There are no additional allegations in the third amended complaint causing the court to reconsider its previous ruling that it lacks an independent basis to exercise personal jurisdiction over the trade secret claims, which are subject to a different analysis. (*See* Docket Entry No. 56 at 9–11). CAP's brief in opposition does not attempt to relitigate the court's previous holding that it lacks an independent basis to exercise personal jurisdiction over these claims. (Docket Entry No. 60 at 12 ("Because the Court has personal jurisdiction over the trade dress infringement claims, it may exercise pendent jurisdiction over the remaining claims . . . .").

5

### B. Failure to State a Claim

#### 1. Trade-Dress Infringement

The defendants argue that CAP has again failed to state a claim under the Lanham Act for trade-dress infringement of CAP's because it has failed to properly allege nonfunctionality.

To state a claim of trade-dress infringement for an unregistered mark, a plaintiff must plead facts that could show that its trade dress is inherently distinctive or that it has acquired distinctiveness through secondary meaning. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992). An inherently distinctive trade dress is entitled to protection only if it is also nonfunctional. *Id.* "If a product feature is functional, it cannot be protected trade dress." *Eppendorf-Netheler-Hinz GMBH v. Ritter GMBH*, 289 F.3d 351, 355 (5th Cir. 2002). The Lanham Act limits the scope of trade-dress protection by providing that "the person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional." 15 U.S.C. § 1125(a)(3). The plaintiff must then show that a defendant's trade dress creates a likelihood of confusion with the plaintiff's. *Taco Cabana*, 505 U.S. at 769–70.

CAP has the burden to show that the claimed dress is valid, distinctive, and not functional. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210 (2000). The defendants argue that CAP's allegations with respect to nonfunctionality are conclusory and that CAP's claimed trade dress is functional as a matter of law. CAP has again amended its complaint. The question is whether the amended allegations are sufficient.

"[T]he primary test for functionality is whether the product feature is essential to the use or purpose of the product or if it affects the cost or quality of the product." *Eppendorf-Netheler-Hinz GMBH v. Ritter GMBH*, 289 F.3d 351, 357 (5th Cir. 2002). Design features are "functional if they are essential to the use or purpose of the [product] or affect the cost or quality of the [product]." *Id.* "The availability of alternative designs is irrelevant." *Id.*

The following passage reflects the changes CAP made in the third amended complaint with respect to its "OPG Weight Plate." The added text from the third amended complaint is bolded, and deleted text from the second amended complaint is struck through.

> [The OPG Weight Plate's] trade dress is non-functional because the overall appearance and arrangement of these various elements is nonfunctional, and the individual elements are nonfunctional. ~~For example, the coloring of the plates and font is nonfunctional, the font style is nonfunctional, and the way the information is arranged in quadrants is nonfunctional.~~ **More specifically, the only feature of the weight plate that is essential to the use of the product is the inclusion of a hole in the center for loading the product onto a barbell bar, and this element is not claimed as part of CAP's trade dress. The raised styling and the raised sphere are not essential for the product's use and their inclusion on the plates makes the plates more expensive to manufacture. The font serves the functional purpose of providing the user of the plates with information, but the specific font style on CAP's plates serves no functional purpose and is not essential to use of the product. Similarly, arranging information into the quadrants does not serve any functional purpose because the information can appear on the plates in a variety of ways. The font and placing information in each quadrant gives the plates a distinct appearance. The raised silver lettering that CAP uses on its plates makes the product more expensive to manufacture[].** The grey weight plates are also more expensive to manufacture than the black plates. The textured appearance also is not essential to the use of the plates. Overall, competitors would not be at a disadvantage if they designed weight plates of different shapes, color schemes, and without the raised styling and specific arrangement of information. To CAP Barbell's knowledge, CAP Barbell was the first to create and use this design.

(*Compare* Docket Entry No. 44 ¶ 42 *with* Docket Entry No. 58 ¶ 41). The additional information identifies the aspects of CAP's products that are allegedly "arbitrary, incidental, or ornamental," and therefore nonfunctional and eligible for trade-dress protection. *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 34 (2001). These allegations (and similar allegations made with respect to the other claimed products) cure the problems the court identified in its previous opinion dismissing CAP's claims.

The defendants include with their motion images of competitors' products and images taken from third-party patent specifications for weight plates and trap bars. (Docket Entry No. 58 at 14–21). The defendants' motion asks the court to view CAP's products side-by-side with

competing products and conclude that the differences involve functional components. This evidence, which is not referred to in or attached to the third amended complaint, is not properly before the court on a motion to dismiss. *See Inclusive Cmtys.' Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019). Additionally, the court is not persuaded that a cursory visual comparison would be a sufficient basis on which to dismiss CAP's claims. The court declines to convert the defendants' motion into a motion for summary judgment. The defendants may raise their nonfunctionality defense in a motion for summary judgment after the parties have had the opportunity for discovery. *Cf. Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003) ("[S]ummary judgment may not be used to cut off discovery.") (quoting *Clark v. Tarrant County*, 798 F.2d 736, 746 (5th Cir. 1986)), *modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003).

The defendants point to *Bayco Prod., Inc. v. Lynch*, No. 3:10-cv-1820-D, 2011 WL 1602571 (N.D. Tex. Apr. 28, 2011), as an example of a court ruling on nonfunctionality in the context of a motion to dismiss. But the plaintiff in that case failed to allege nonfunctionality beyond the conclusory allegation that "[t]he shape and design of the [product] are not merely functional." Compl. ¶ 35, Docket Entry No. 1, *Bayco Prod., Inc. v. Lynch*, No. 3:10-cv-1820D (N.D. Tex. Sept. 13, 2010). The court in that case also found that other allegations relating to the product itself created the inference that the aspects of the product identified as its trade dress were functional features of the product. *Bayco*, 2011 WL 1602571, at *9. The court granted the plaintiff leave to amend, but the parties settled before any motions were filed with respect to the amended complaint. While the defendants are correct that the court may dismiss a trade-dress claim on the basis of nonfunctionality at this stage, *Bayco* does not support the use of extrinsic evidence on a

8

motion to dismiss to determine whether the asserted trade dress in fact rests on functional product features.

The complaint allegations are adequate to allege a Lanham Act claim.

### 2. Common Law Misappropriation

The defendants argue that the common-law misappropriation claims are preempted by federal patent law. (Docket Entry No. 58 at 21). In the alternative, they argue that CAP has failed to state a claim for common-law misappropriation. (*Id.* at 22). CAP also argues that the defendants have waived their ability to move to dismiss the common-law misappropriation claims because they did not challenge those claims in their motion to dismiss the second amended complaint. (Docket Entry No. 60 at 22).

CAP's waiver argument is unpersuasive. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Raskin ex rel. JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 282 n.1 (5th Cir. 2023) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). CAP's cited authority does not involve an asserted waiver of a motion to dismiss an amended complaint, but rather the waiver on appeal of an argument the defendant made only to the district court in a motion to reconsider the order from which it appealed. *See Howard v. Maxum Indem. Co.*, 715 F. App'x 372, 374 (5th Cir. 2017). There is no basis to find that the defendants waived challenges to the third amended complaint allegations.

The defendants argue that CAP's misappropriation claim is preempted by patent law, citing *Motion Med. Techs., LLC v. ThermoTek, Inc.*, 875 F.3d 765 (5th Cir. 2017). The *ThermoTek* court affirmed that patent law preempted any common law claim that the defendants "misappropriated physical products . . . and their *functional* characteristics." *Id.* at 776 (emphasis added). But trade-dress protections apply only to nonfunctional product elements. *TrafFix*, 532 U.S. at 29 (observing

9

"the well-established rule that trade dress protection may not be claimed for product features that are functional").

The defendants' argument that CAP has failed to state a misappropriation claim fails for the same reason CAP's trade-dress claims survive. CAP has adequately alleged nonfunctionality in the third amended complaint.

### C. Pendent Personal Jurisdiction

Pendent personal jurisdiction "exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim." *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 783 (N.D. Tex. 2008) (citing *United States v. Botefuhr*, 309 F.3d 1263, 1272-73 (10th Cir. 2002)). Pendent personal jurisdiction is discretionary. *Gen. Elec. Capital Corp. v. Mackzilla, LLC*, No. CV H-15-2425, 2016 WL 1059529, at *5 (S.D. Tex. Mar. 17, 2016).

The court has personal jurisdiction over the entity defendants with respect to CAP's Lanham Act claims and will exercise pendent personal jurisdiction over the other claims directed at the entity defendants. These claims share the same nucleus of operative fact. But those claims are not brought against Nagavilli. He faces only the misappropriation claims, for which the court lacks an independent basis to exercise personal jurisdiction. The claims against Nagavilli are dismissed, without leave to amend because amendment would be futile.

### III. Conclusion

The court grants the motion to dismiss, (Docket Entry No. 58), in part. The claims against Nagavilli are dismissed without leave to amend. The motion is otherwise denied.

SIGNED on August 7, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge