United States District Court
Southern District of Texas
**ENTERED**
March 08, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAP BARBELL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-22-2371 |
| | § | |
| HULKFIT PRODUCTS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

CAP Barbell sued Hulkfit Products, Inc. and BalanceFrom LLC, alleging misappropriation of its protected trade dress. (Docket Entry No. 1). The defendants moved to dismiss CAP Barbell's third amended complaint on the basis that a Texas court had no jurisdiction over them. (Docket Entry No. 58). The court rejected their arguments, finding jurisdiction. (Docket Entry No. 65). Hulkfit and BalanceFrom now move for reconsideration on the basis of the Supreme Court's decision in *Abitron Austria GmbH v. Hectronic Int'l, Inc.*, 600 U.S. 412 (2023). (Docket Entry No. 99).

The court has reviewed the briefing, the record, and the relevant law, and has heard arguments on the motion. The court denies the motion for reconsideration, for the reasons set out below.

**I.   The Standard for Reconsideration**

The Federal Rules of Civil Procedure do not recognize a motion to reconsider. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F. 3d 336, 339 (5th Cir. 1997). However, the Federal Rules allow a party to request a court to revise an interlocutory order that does not resolve the

entire proceeding. *See Contango Operators, Inc. v. United States*, 965 F. Supp. 2d 791, 800 (S.D. Tex. 2013) (citing *Moody v. Seaside Lanes*, 825 F.2d 81, 85, & n.3 (5th Cir. 1987)). Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

"Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient." *United States v. Renda*, 709 F. 3d 472, 479 (5th Cir. 2013) (citing *Saqui v. Pride Cent. Am., LLC*, 595 F. 3d 206, 210–11 (5th Cir. 2010)). Although neither Rule 59 nor 60 applies, *see Compaq Computer Corp. v. Ergonome Inc.*, No. H-97-CV-1026, 2001 WL 34104829, at *1 n.2 (S.D. Tex. June 26, 2001), "considerations similar to those under Rule 59(e) inform the court's analysis." *EnerQuest Oil & Gas, LLC v. Plains Expl. & Prod. Co.*, No. 12-CV-542, 2014 WL 1652599, at *3 (W.D. Tex. Apr. 24, 2014); *see also Deeds v. Whirlpool Corp.*, No. H-15-CV-2208, 2017 WL 3437772, at *12 (S.D. Tex. Aug. 10, 2017), *aff'd*, 764 F. App'x 407 (5th Cir. 2019) ("[M]otions to reconsider are not the proper vehicle for rehashing old arguments or raising arguments that could have been presented previously.").

**II.     Analysis**

Hulkfit and BalanceFrom seek reconsideration on the basis that *Abitron*'s analysis of 15 U.S.C. § 1125(a)(1) changes the personal jurisdiction test for allegations of trade dress infringement. *Abitron Austria GmbH v. Hectronic Int'l, Inc.*, 600 U.S. 412 (2023), resolved a circuit split over the extraterritorial reach of the Lanham Act. *Abitron,* an appeal from a jury award and court injunction on the merits of an infringement claim, considered whether the Lanham Act extended to a defendant's foreign conduct if the impact of that foreign conduct gave the United

2

States an interest in the litigation. *Id.* at 417. The Supreme Court held that 15 U.S.C. § 1125(a)(1) was not extraterritorial, and that "[b]ecause Congress has premised liability on a specific action (a particular sort of use in commerce), that specific action would be the conduct relevant to any focus" of the statute. *Id.* at 423.

Hulkfit and BalaceFrom argue that *Abitron*'s extraterritoriality analysis should also apply to determinations of personal jurisdiction in infringement cases. They argue that *Abitron* requires courts to define the location of "conduct" as limited to the place where the defendants are physically undertaking business activities. Hulkfit and BalanceFrom claim that because they undertook their business activities outside Texas, they cannot be subject to jurisdiction here. (Docket Entry No. 99 at 9). This argument appears to misread *Abitron*.

First, *Abitron* is a decision on the extraterritorial application of an injunction; the words "personal jurisdiction" do not appear in the majority opinion. *Abitron*, 600 U.S. 412. No subsequent cases have applied the *Abitron* holding to a personal jurisdiction analysis. Hulkfit and BalanceFrom argue that "the *Abitron* analysis and conclusions have significant and undeniable application in the Lanham Act context write large." (Docket Entry No. 107 at 9). But they do not explain how a case about a statute's extraterritorial liability would have "significant and undeniable" application to personal jurisdiction over domestic actors. The requirements for personal jurisdiction and the requirements for finding liability are not the same. *Abitron*'s analysis does not appear to bear the weight that Hulkfit and BalanceFrom seek.

Even if *Abitron* applied to cases of personal jurisdiction over domestic actors, it would not warrant dismissal of this case on the present record. The Supreme Court in *Abitron* explained that "[t]he ultimate question regarding permissible domestic application turns on the location of the conduct relevant to the focus. And the *conduct* relevant to any focus the parties have proffered is

3

infringing use in commerce, as the Act defines it." *Abitron*, 600 U.S. at 422. The Lanham Act defines "use in commerce" both as the placement of labels on the goods and when "the goods are sold or transported in commerce." 15 U.S.C. § 1127.

Hulkfit and BalanceFrom argue that the acts of third parties—such as Amazon and Wal-Mart—responsible for selling the goods at issue in Texas should "not matter one whit in the jurisdictional inquiry." (Docket Entry No. 107 at 13). They cite again to *Abitron*, but *Abitron* does not analyze whether third-party sales of accused products can create jurisdiction over the defendants who sold the products in the first place. Hulkfit and BalanceFrom already raised this argument at the motion to dismiss stage, where the court gave it full consideration but found it ultimately unconvincing:

> CAP alleges specific personal jurisdiction over the defendants for the Lanham Act claims based on purchases of the accused products by Texas customers in brick-and-mortar retail stores located in Texas or through websites accessible to Texas residents. The defendants do not contest that the accused products have been sold in Texas. There is substantial authority that the sale of accused products in the forum state, even if those sales were made by third-party retailers or in online marketplaces, may suffice for personal jurisdiction over Lanham Act claims. *See, e.g.*, *Herbal Brands, Inc. v. Photoplaza, Inc.*, ___F.4th ____, No. 21-17001, 2023 WL 4341454, at *8 (9th Cir. July 5, 2023) ("[W]e hold that Defendants expressly aimed their conduct at Arizona because they allegedly sold products to Arizona residents via an interactive website in their regular course of business and caused those products to be delivered to the forum."); *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 167 (2d Cir. 2010) (sales of infringing counterfeit handbags in New York were sufficient to exercise personal jurisdiction over out-of-state defendants); *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 294 (3d Cir.1994) . . .

(Docket Entry No. 65 at 4–5). At the motion to dismiss stage, the court accepts the plaintiff's allegations in the third amended complaint, which alleges that Hulkfit and BalanceFrom sell into Texas directly via their websites and through third parties. (Docket Entry No. 57 at ¶ 13). This is sufficient to establish personal jurisdiction over Hulkfit and BalanceFrom.

The *Abitron* ruling on extraterritoriality does not alter longstanding precedent for determining personal jurisdiction over out-of-state domestic defendants. To adopt the reading of

4

*Abitron* that Hulkfit and BalanceFrom urge at this stage of this case would broaden the decision beyond what its text warrants.

The motion for reconsideration, (Docket Entry No. 99), is denied.

SIGNED on March 8, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge